UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARILYN SAUCIER,<br><br>    Plaintiff<br><br>V.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA AND COVENANT HEALTH INC. LONG TERM DISABILITY PLAN<br><br>    Defendants | CIVIL ACTION NO. |

**COMPLAINT**

1. Plaintiff, Marilyn Saucier ("Ms. Saucier"), brings this action against the Defendants, Life Insurance Company of North America ("LINA") and Covenant Health Inc. Long Term Disability Plan ("Plan") (collectively referred to as "Defendants"), for violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et. seq.* ("ERISA"). Ms. Saucier is a participant in ERISA welfare benefit plans insured and administered by LINA.

2. Ms. Saucier is filing this action to 1) recover long-term disability ("LTD") benefits due to her under her employer's long-term disability plan; 2) enforce the present rights existing under the Plan; 3) clarify rights under the terms of the Plan; and 4) recover damages, interest, costs, and attorneys' fees.

3. Ms. Saucier challenges the Defendants': 1) unreasonable and unlawful termination of her LTD benefits despite the substantial medical and vocational evidence demonstrating her qualifications for said benefits; 2) pattern of rejecting and/or ignoring the substantial

evidence supporting Ms. Saucier's disability in an effort to limit Defendants' financial exposure for Ms. Saucier's claims; 3) failure to provide Ms. Saucier with a full and fair review of her claim for LTD benefits; and 4) failure to provide a reasonable claims procedure that would yield a fair decision on the merits of Ms. Saucier's LTD claim.

## PARTIES

4. Ms. Saucier is a resident of Nashua, New Hampshire. Ms. Saucier is a vested participant in Defendants' employee benefit plans, within the meaning of 29 U.S.C. § 1002(2) (7). Ms. Saucier has standing to bring this action under 29 U.S.C. § 1132(a).

5. The defendant, LINA, is a for-profit insurance company, with its principal place of business in Philadelphia, Pennsylvania. LINA transacts business in Massachusetts and administers the LTD Plan and the Life Plan under which Ms. Saucier is suing. LINA is the party responsible for processing claims made under the Plans and making a final determination as to Ms. Saucier's eligibility for benefits.

6. Covenant Health Inc. is a nonprofit corporation, with its principal place of business in Tewksbury, Massachusetts. The LTD benefit is a fully insured benefit under a policy of insurance issued by LINA to Covenant Health Inc., contract number FLK-960932.

7. The Plan under which Ms. Saucier is suing is an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. §1002(1).

8. At all times relevant to the claims asserted in this Complaint, Defendant LINA purported to act as an ERISA claims fiduciary with respect to participants of the Plans generally, and specifically with respect to Ms. Saucier, within the meaning of ERISA.

## STATEMENT OF FACTS

**Relevant Plan Terms**

9. As an employee of Covenant Health Inc. Ms. Saucier was eligible for LTD coverage under the contract of insurance with LINA, contract number FLK-960932.

10. The Plan contain no provisions giving independent and final discretion to LINA to determine eligibility for benefits or to interpret the terms of the Plan.

11. The Plan provision defines disability as follows:

    You are considered Disabled, if, solely because of Injury or Sickness, you are:

    1. unable to perform the material duties of your Regular Occupation; and
    2. unable to earn 80% or more of your Indexed Earnings from working in your Regular Occupation.

    After Disability Benefits have been payable for 24 months, you are considered Disabled, if, solely due to Injury or Sickness, you are:
    1. unable to perform the material duties of any occupation for which you are, or may reasonably become qualified based on education, training, and experience; and
    3. unable to earn 60% or more of your Indexed Earnings.

12. The Plan does not contain a definition of material duties.

13. The Plan defines Regular Occupation as follows:

    The occupation you are routinely perform at the time the Disability begins. In evaluating the Disability, we will consider the duties of the occupation as it is normally performed in the general labor market in the national economy. It is not work tasks that are performed for a specific employer or at a specific location.

14. Ms. Saucier meets the standard for total disability under the Plan and is eligible for LTD benefits under the terms of the Plan.

**Ms. Saucier's Claim for Disability Benefits**

15. Ms. Saucier worked as an administrative assistant for Covenant Health Inc.

16. Ms. Saucier's last day of work at Covenant Health Inc was July 29, 2018.

17. Ms. Saucier ceased working because of the symptoms and limitations caused by her significant back pain.

18. Ms. Saucier underwent scoliosis reconstruction surgery on July 31, 2018, with T2-L2 posterior fusion with Harrington rod.

19. The surgery did improve Ms. Saucier's thoracic pain, however it created new pain at the cervicothoracic junction.

20. Ms. Saucier does not have an ability to bend her neck backward and has significant difficulty walking due to the pain of attempting to extend her neck.

21. Ms. Saucier has a tingling sensation from her neck down to her upper extremities due to her spinal fusion

22. Ms. Saucier's symptoms and limitations prevented her ability to perform the duties of her occupation or any occupation.

23. Ms. Saucier applied for long term disability benefits from LINA because her symptoms and limitations had not improved enough to allow her to return to work.

24. By correspondence dated November 6, 2018, LINA approved Ms. Saucier's application for LTD benefits.

25. From October 28, 2018, through October 28, 2020, LINA continued to certify Ms. Saucier's eligibility for LTD benefits.

**LINA's Review of Ms. Saucier's LTD Claim**

26. Ms. Saucier's post thoracic spinal fusion medical records document her continued pain and functional difficulty including her inability to move her neck and radicular symptoms from her neck down her arms.

27. Ms. Saucier's ongoing symptoms include back, neck and shoulder pain, migraine headaches with significant nausea, as well as chronic fatigue.

28. Ms. Saucier's medical conditions did not improve as of October 2020.

29. On October 19, 2020, Edward Doherty, MD, stated the following regarding Ms. Saucier's pain and failed back surgery syndrome ("FBSS"):

> Returns for routine follow up of her chronic pain syndrome secondary to fibromyalgia, FBSS, of the thoracic spine (T2-L2 fusion), chronic migraines, and cervical spondylosis. She continues to suffer from a chief complaint of sharp pain in the upper back and neck which radiates down the arm to the hand. Her neck pain is worse with prolonged walking or cervical extension, improved with medication or rest. Pain is associated with occasional occipital headaches.

30. By correspondence dated December 3, 2020, LINA retroactively terminated Ms. Saucier's benefits effective October 28, 2020.

31. In its December 3, 2020, correspondence LINA reasoned that it had accepted Ms. Saucier's functional limitations as outlined in the Social Security Administration.

32. On February 20, 2020, Administrative Law Judge Joshua Menard issued a Fully Favorable decision awarding Ms. Saucier Social Security Disability Insurance Benefits effective July 30, 2018.

**Ms. Saucier's Appeal and LINA's Review**

33. On April 13, 2021, Ms. Saucier appealed LINA's decision to terminate her LTD benefits.

34. With her April 13, 2021, appeal, Ms. Saucier submitted to LINA medical records documenting her ongoing treatment for her pain management.

35. With her appeal, Ms. Saucier submitted a December 15, 2020, narrative report from Trisha Gordon, CNP for Stuart Hershman, MD, Ms. Saucier's spinal surgeon. Ms. Gordon explained:

> Mrs. Marilyn Saucier DOB… is a patient of Dr. Stuart Hershman. She has undergone major spine surgery to correct postural kyphosis of the spine. Since her surgery she has continued to experience chronic neck pain that limits her ability to tolerate any prolonged activity including activities of daily living. She is followed by pain management. Dr. Hershman also discussed with her at the last visit (06/2020) If she continues to complain of significant neck pain and worsening posture, we may have to consider further surgery extending her up and/or performing a 3 column osteotomy in the midportion of the thoracic spine.

36. In correspondence dated May 26, 2021, LINA sent Ms. Saucier its proposed decision denying her appeal along with the medical peer reviews conducted of her claim.

37. By correspondence dated June 16, 2021, Ms. Saucier submitted to LINA a response to LINA's peer reviews.

38. LINA entered into a Regulatory Settlement Agreement on March 13, 2013.

39. Ms. Saucier informed LINA that it had violated the Regulatory Settlement Agreement LINA had entered into on March 13, 2013.

40. Ms. Saucier provided LINA with further medical documentation of her chronic pain and continued functional limitations.

41. LINA did not conduct any further evaluation of Ms. Saucier's claim or her written response dated June 16, 2021.

42. LINA did not send the updated medical records submitted by Ms. Saucier on June 16, 2021, to its peer reviewer physicians for evaluation.

43. By correspondence dated June 18, 2021, LINA denied Ms. Saucier's appeal.

**Summary of Defendants' Review of Ms. Saucier's Claims**

44. Ms. Saucier's disability and eligibility for LTD benefits is based on the substantial evidence in Defendants' possession.

45. The Defendants and their internal reviewers arbitrarily dismissed Ms. Saucier's symptoms when they determined that Ms. Saucier was not disabled after October 28, 2020.

46. The Defendants failed to have Ms. Saucier's claims assessed by a medical provider with the appropriate credentials to evaluate her eligibility for benefits as required by ERISA's implementing regulations.

47. The Defendants failed to address or analyze the findings of Ms. Saucier's treating and evaluating physicians' opinions regarding Ms. Saucier's symptoms, restrictions, limitations, and disability.

48. The Defendants failed to respond to Ms. Saucier's attempts to engage in a meaningful dialogue regarding the evaluation of her claim.

49. The Defendants failed to meet the minimum requirements for the denial of Ms. Saucier's LTD benefits, in violation of ERISA, 29 U.S.C. 1133, which requires that upon a denial of benefits, the administrative review procedure must include adequate notice in writing setting forth the specific reasons for the denial of benefits and a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

50. The Defendants failed to provide Ms. Saucier with a full and fair review of her claim for LTD benefits.

51. LINA was influenced by its financial conflict of interest when it terminated Ms. Saucier's claim for LTD benefits.

52. Due to the unlawful denial of benefits under ERISA, Ms. Saucier has lost her rightful LTD insurance benefits. She has also suffered emotional distress as a result of the Defendants' actions.

53. Due to the unlawful denial of benefits under ERISA, Ms. Saucier has also lost the use of her LTD benefits.

54. Having exhausted the administrative procedures provided by the Defendants, Ms. Saucier now brings this action.

**FIRST CAUSE OF ACTION**
**(Enforcement of Terms of Plans**
**Action for Unpaid Benefits)**
**(ALL DEFENDANTS)**

55. Ms. Saucier realleges each of the paragraphs above as if fully set forth herein.

56. The LTD Plan is a contract.

57. Ms. Saucier has performed all her obligations under the contract.

58. 29 U.S.C. § 1132(a)(1)(B) states that:

    A civil action may be brought ---

    1. by a participant or beneficiary –

        1. for the relief provided for in subsection (c) of this section, or

        2. to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

59. The Defendants' actions constitute an unlawful denial of disability benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

60. The Defendants unlawfully denied Ms. Saucier's benefits in part by: (1) dismissing without explanation, the substantial evidence supporting Ms. Saucier's claim for LTD

benefits; and (2) denying Ms. Saucier a full and fair review of its decision to terminate her benefits.

61. In accordance with 29 U.S.C. §1132, Ms. Saucier is entitled to LTD benefits under the Plan based upon her disabled status from July 30, 2018, to the present and continuing until she is no longer disabled.

62. The Defendants have refused to provide Ms. Saucier with her disability benefits and are, therefore, in breach of the terms of the LTD Plan and ERISA, which require that the Defendants engage in a full and fair review of all claims and the administration of the Plans in the best interests of the participants of the Plans.

63. As a direct and proximate result of this breach, Ms. Saucier has lost the principal and the use of her rightful disability insurance benefits.

## SECOND CAUSE OF ACTION
### (Attorneys' Fees and Costs)
### (ALL DEFENDANTS)

64. Ms. Saucier realleges each of the paragraphs above as if fully set forth herein.

65. Under the standards applicable to ERISA, Ms. Saucier deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

66. Defendants have the ability to satisfy the award.

67. Ms. Saucier's conduct of this action is in the interests of all participants suffering from physical conditions who subscribe to the Plan, and the relief granted hereunder will benefit all such participants.

68. The Defendants have acted in bad faith in terminating Ms. Saucier's disability benefits under the Plans.

69. The award of attorneys' fees against the Defendants will deter others acting under similar circumstances.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that the Court:

(1) Declare, adjudge, and decree that Ms. Saucier is entitled to disability benefits as calculated under the terms of the Plans;

(2) Award Ms. Saucier disability benefits and interest at twelve percent from the date of the Defendants' breach of contract;

(3) Order that the Defendants make restitution to Ms. Saucier in the amount of all losses sustained by Ms. Saucier as a result of the wrongful conduct alleged herein, together with prejudgment interest;

(4) Award Ms. Saucier the costs of this action and reasonable attorneys' fees; and

(5) Award such other relief as the court deems just and reasonable.


Dated: October 25, 2021

Respectfully submitted for the Plaintiff,

By: /s/ M. Katherine Sullivan
M. Katherine Sullivan
BBO No. 649239
LAW OFFICE OF KATHERINE SULLIVAN, LLC
945 Concord Street
Framingham, MA 01701
T: 508-620-5387
F: 508-834-1172
kate@sullivandisabilitylaw.com